UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 22-07074 PA (RAO) | Date: | October 12, 2022 |
| Title: | Jose Phillip Aguirre v. Jim Robertson | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

On September 28, 2022, the Court received from Petitioner Jose Phillip Aguirre ("Petitioner"), a state prisoner proceeding *pro se*, a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") in this Court. *See* Dkt. No. 1. Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, the Court has examined the Petition and determined that it appears not to raise a claim cognizable on federal habeas review.

A.   Background

Based on a review of the Petition and its attachments, a Los Angeles County Superior Court jury convicted Petitioner of attempted extortion and second-degree murder and found true gang and firearm allegations in 2008. Petition at 2, 11. The trial court sentenced Petitioner to a determinate term of 28 years and six months and a consecutive term of 15 years to life. *Id*. at 11.

The Court of Appeal affirmed the judgment in June 2010. *Id*. at 11; *see also* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1377635&doc_no=B210958&request_token=NiIwLSEmPkg%2FWyBJSCJNTEhJQDg6USxTIiJeIz9RMCAgCg%3D%3D. The California Supreme Court denied review in September 2010. *See* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1946895&doc_no=S183815&request_token=NiIwLSEmPkg%2FWyBJSCJNTExIQDw0UDxfKyIuJztSICAgCg%3D%3D.

In May 2019, represented by counsel, Petitioner filed a petition for resentencing under California Penal Code Section 1170.95, arguing that he was entitled to relief because he had been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-07074 PA (RAO) | Date: | October 12, 2022 |
| Title: | Jose Phillip Aguirre v. Jim Robertson | | |

convicted under the natural and probable consequences doctrine. *See People v. Aguirre*, Case No. B307367 (Jan. 14, 2022) (unpublished), https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=2&doc_id=2327551&doc_no=B307367&request_token=NiIwLSEmPkg%2FWyBJSCJNUE9IMFw6USxXIyMuSzxSQCAgCg%3D%3D. The trial court denied the petition, and the appellate court affirmed the denial on January 14, 2022. *Id.* On March 30, 2022, the California Supreme Court denied a petition for review. *See* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2374905&doc_no=S273043&request_token=NiIwLSEmPkg%2FWyBJSCJNUE9IMFg0UDxTJCIuRz5TQCAgCg%3D%3D.

  B. <u>Petitioner's Claims</u>

The Petition raises claims in connection with the denial of Petitioner's request for re-sentencing under Section 1170.95.[1] Specifically, the Petitioner asserts that (1) his equal protection rights were violated by the state court's denial of his resentencing request; (2) it is cruel and unusual punishment not to resentence him; and (3) his trial counsel was ineffective in presenting case law in support of his request for resentencing. Petition at 5-6.

  C. <u>Cognizable Federal Claims</u>

Based on the Petition and publicly available state court records, the Court appears to lack jurisdiction to consider Petitioner's challenge to the state courts' denial of his petition for resentencing pursuant to Section 1170.95. The claims in the Petition relate to the state court's interpretation of state criminal law, including sentencing laws, and thus are not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a) (federal habeas relief is available only where an individual is "in custody in violation of the Constitution or laws or treaties of the United States"); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted).

A state court's misapplication of state sentencing law may violate due process if a petitioner can show that the state court erred and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).

---

[1] All statutory references are to the California Penal Code unless otherwise indicated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-07074 PA (RAO) | Date: | October 12, 2022 |
| Title: | Jose Phillip Aguirre v. Jim Robertson | | |

However, the mere assertion of a due process violation does not convert a state law claim into a federal one. *Langford v. Day*, 110 F.3d 1380, 1389 (9h Cir. 1996), *cert denied*, 522 U.S. 881 (1997); *see also Carter v. Koenig*, 2019 WL 6331375, at *4-5 (C.D. Cal. Oct. 30, 2019) ("fact that Petitioner characterizes [Section 1170.95] claims as a violation of his federal constitutional rights is not sufficient, without more, to state a federal claim"), *report and recommendation adopted*, 2019 WL 6330638 (C.D. Cal. Nov. 22, 2019).

In sum, the Petition's claims arising out of the denial of his petition for resentencing under Section 1170.95 do not appear to present a cognizable federal question. Accordingly, the Petition is subject to dismissal.

D.   Conclusion

In light of the foregoing, Petitioner **IS HEREBY ORDERED** to show cause, in writing, by **November 12, 2022**, why this action should not be dismissed for failure to present a cognizable federal claim.

Rather than file a response to this Order, Petitioner may choose to voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** Petitioner is expressly warned that **failure timely response to this Order *will* result in a recommendation that this action be dismissed for failure to comply with Court orders and failure to prosecute.**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**

Attachment: Notice of Dismissal Form

                                                                                        :
                                                            Initials of Preparer    dl